NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOJUAN BURNS, | : | Hon. Robert B. Kugler |
|  | : |  |
| Petitioner, | : |  |
|  | : | Civil No. 12-4581 (RBK) |
| v. | : |  |
|  | : |  |
| DONNA ZICKEFOOSE, | : |  |
|  | : | **O P I N I O N** |
| Respondents. | : |  |

**APPEARANCES**:

    JOJUAN BURNS, #42799-039
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ  08640
    Petitioner Pro Se

**KUGLER**, District Judge:

    Jojuan Burns ("Petitioner"), an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the denial of a transfer to a minimum security prison camp.  This Court will summarily dismiss the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to assert his claim in a properly filed action of the kind authorized by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

**I.  BACKGROUND**

    Petitioner challenges the refusal of Warden Zickefoose to transfer him to a minimum security prison camp.  The Petition specifies one ground:

---

[1] This Court has not evaluated the merits of any Bivens claim.

> Ground One:  IN ACCORDANCE WITH 5100.8, I AM BEING DISCRIMINATED AGAINST BY NOT ALLOWING ME TO TRANSFER TO A CAMP AFTER FULFILLING ALL OF THE RECOMMENDATIONS REQUIRED.
>
> Supporting FACTS:  I am simply asking this court to intervene in this procedural act due to the violations that have occurred by Warden Donna Zickefoose on behalf of Fort Dix Correctional Facility.  Not only am I being discriminated against, I am also being withheld of my due process legalities under the 14th, 5th, and 6th Amendments.  According to their policy (5100.8), I should be eligible to go to a camp because of all of my mitigating factors.  I was on bond for 12-1/2 months, upon which I was asked to self-surrender to Fort Dix Facility by my judge.  I also have a current standing of 6 male classification score, which determines an inmates status.  Donna Zickefoose (Warden), has taken it upon herself to make a judgment call based on a violent case I was involved in 17-1/2 hears ago.  (No relation to current offense)  It clearly states in my pre-sentence report that I was not responsible for the change of events that took place 17-1/2 years ago.
>
> These factors that are being used are a clear violation of the policies that have been put in place to protect both me as a prisoner and staff, upon whom it may [a]ffect.  Unfortunately, there is not any case law to support my claim, but there is a clear violation of my Amendment Rights due to the disregard of Bureau of Prisons policy.
>
> (Please see attachments of a second Motion under 5 U.S.C. § 701 A.P.A. "Administrative Procedures Act")  I have exhausted all remedies in accordance to Bureau of Prisons policy and have talked personally with the Unit Manager, Warden and the Regional Director, all have been unsuccessful.

(Dkt. 1 at 4-5.)

Attached to the Petition is a two-page typed document entitled "ADMINISTRATIVE PROCEDURE ACT ARGUMENT."  (Dkt. 1 at 7-8.)  Petitioner argues that prison officials are in violation of the Administrative Procedure Act:  "[T]he only reason I was denied a transfer was due to a violent offense from 17-1/2 years ago with which I was associated.  Now, under 5 U.S.C. § 701, I am asking this Court to determine whether BOP's decision is founded on a rational connection between the facts found and choices made and whether the BOP has

2

committed an error of judgment." (Dkt. 1 at 7.) For relief, he seeks an order directing Warden Zickefoose "to immediately transfer [him] to a Federal minimum security prison (a/k/a a camp)." Id. at 9.

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

### III.  DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).  Federal law provides two avenues of relief to prisoners:  a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 action."  Id.  The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); see also McGee v. Martinez, 627 F. 3d 933, 936 (3d Cir. 2010) ("the fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case or a Bivens action into a habeas petition").

In this Petition, Petitioner seeks an order directing the Warden and Bureau of Prisons to transfer him to a minimum security facility. In Woodall v. Federal Bureau of Prisons, 432 F. 3d 235, 243-44 (3d Cir. 2005), the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"), pursuant to a federal regulation. In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a transfer between prisons:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.
>
> The criteria for determining CCC placement are instrumental in determining how a sentence will be "executed." CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate into society. The relevant statute specifically provides that a prisoner should be placed in a CCC or similar institution at the end of a prison sentence to "afford the prisoner a reasonable opportunity to adjust to and prepare for ... re-entry into the community." 18 U.S.C. § 3624. CCCs thus satisfy different goals from other types of confinement. We have noted the relatively lenient policies of CCCs as compared to more traditional correctional facilities. CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community. Inmates may be eligible for weekend passes, overnight passes, or furloughs. See United States v. Hillstrom, 988 F.2d 448 (3d Cir.1993); see also United States v. Latimer, 991 F.2d 1509,

> 1513 (9th Cir.1993) (emphasizing that community confinement is "qualitatively different" from confinement in a traditional prison).
>
> Given these considerations, and the weight of authority from other circuits . . . , we conclude that Woodall's challenge to the BOP regulations here is a proper challenge to the "execution" of his sentence, and that habeas jurisdiction lies.

Woodall, 432 F.3d at 243-244 (footnotes omitted).

Recently, in Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), a federal inmate petitioned for habeas relief under § 2241, arguing that the Bureau of Prisons illegally referred him to the Special Management Unit as punishment for filing lawsuits against the Bureau.[2] The district court dismissed the petition for lack of jurisdiction under § 2241. The Third Circuit noted that, although § 2241 extends jurisdiction to claims concerning the execution of a federal inmate's sentence, "[i]n order to challenge the execution of his sentence under § 2241, Cardona would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 537. The Third Circuit held that, because Cardona's petition did not allege that the "BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment," Cardona's petition did not challenge the execution of his sentence and the district court lacked jurisdiction under § 2241. Id.

The Petition filed by Burns does not challenge the fact or duration of his incarceration, or "concern how BOP is 'carrying out' or 'putting into effect' his sentence, as directed in his sentencing judgment." Cardona, 681 F.3d at 537. Accordingly, Petitioner's challenge to the failure to transfer him to a minimum security facility is not cognizable under § 2241, and this Court will dismiss the Petition for lack of jurisdiction. Id.; see also McCall v. Ebbert, 2010 WL

---

[2] The Special Management Unit provides a four-step program that limits an inmate's contact with other prisoners and access to personal property. Cardona, 681 F.3d at 534.

2500376 (3d Cir. Jun. 21, 2010) (District Court properly dismissed for lack of jurisdiction § 2241 petition challenging transfer to increased security level and conditions of confinement); Zapata v. United States, 264 Fed. App'x. 242 (3d Cir. 2008) (District Court lacks jurisdiction under § 2241 to entertain inmate's challenge to prison transfer); Ganim v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (same); Bronson v. Demming, 56 Fed. App'x. 551, 553-54 (3d Cir. 2002) (habeas relief is unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint).  The dismissal is without prejudice to any right Petitioner may have to assert his claim in a properly filed complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[3]  Id.

---

[3] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee.  See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of Prison Litigation Reform Act do not apply to in forma pauperis habeas corpus petitions and appeals).  In contrast, the filing fee for a Bivens complaint is $350.00.  Inmates filing a Bivens complaint who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are automatically deducted from the prison account.  See 29 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Because of these differences, this Court will not sua sponte recharacterize this pleading as a civil complaint.  If Petitioner chooses to bring a civil complaint, he may do so by filing a complaint in a new docket number, and either prepaying the $350 filing fee or applying to proceed in forma pauperis.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.


                                                  s/Robert B. Kugler
                                                  **ROBERT B. KUGLER**, District Judge

Dated:   July 27  , 2012